UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-108-JL |
| | ) | |
| DALE EDSON | ) | |

**UNITED STATES' OBJECTION TO DEFENDANT'S REQUEST
FOR A SENTENCE OF NOT GREATER THAN 12 MONTHS**

The United States of America, by John F. Farley, Acting United States Attorney for the District of New Hampshire, objects to the defendant's request for a sentence of not more than 12 months' incarceration and moves the court to impose a low-end guideline sentence of 51 months.[1]

The June 5, 2017 revised presentence investigation report in this case, DE 30, correctly calculates the defendant's offense level and his criminal history. DE 30 at ¶¶ 32, 42, 61. The advisory guideline range is 63 to 78 months DE 30 at ¶ 61. The United States maintains that a sentence of 51 months is sufficient, but not greater than necessary, to meet the sentencing factors at 18 U.S.C. 3553(a).

The defendant offers several reasons for requesting a variant sentence that is more than 76% below the low end of the advisory guideline range. He claims his medical conditions of diabetes, high blood pressure, anxiety, ADHD, and morbid obesity all support a radical reduction

---

[1] The United States reaches this guideline calculation be not including a two level increase found at U.S.S.G.§ 2G2.2(b)(6) for the use of a computer, a position consistent with the Department's views as stated to the United States Sentencing Commission. See March 5, 2013 letter from National Coordinator for Child Exploitation Prevention and Interdiction Anne Gannon to United States Sentencing Commission at page 4. To the extent the United States' calculation requires a variance, the government makes such a request.

1

in his sentence.[2] He further claims that he had a difficult childhood which included claims of unreported sexual abuse by a grandfather.

None of the claims made by the defendant support the variant sentence he requests. There is no reason to believe that his medical conditions will not be adequately addressed by the Bureau of Prisons. His medical conditions appear to be adequately addressed by medication. He takes both oral and injectable medications to treat his diabetes (Metformin and Lantus). His hypertension is treated with a diuretic (hydrochlorothiazide) and a medication that relaxes blood vessels (losartan potassium). His ADHD is treated with Adderall and does not appear to impair his ability to work as a commercial truck driver. While his morbid obesity may have a genetic component and is likely aggravated by his diabetes, it appears that diet and exercise remain the main forms of treatment for the condition.

Like many defendants, Edson has suffered the effects of a broken family in that his parents divorced when he was young. He made a recent disclosure of past sexual abuse by a grandfather and he appears to be estranged from his family.

**The sentencing factors found at 18 U.S.C. § 3553(a) warrant a sentence of 51 months**.

A sentencing court's deviation from the advisory sentencing guidelines should typically be rooted either in the nature or circumstances of the offense or the characteristics of the defendant. *United States v. Romero-Galindez*, 782 F.3d 63, 71-72 (1st Cir. 2015). In this case, both the circumstances of the offense and the characteristics of the defendant warrant a sentence within the guidelines.

Edson's offense was originally detected by a provider of cloud storage services.

---

[2] The defendant has gained more than 100 pounds since his arrest on this matter.

According to the cloud storage service provider, Edson uploaded child pornography on two occasions – a single file of suspected child pornography was uploaded on April 11, 2015 and three files of suspected child pornography were uploaded on April 15, 2015.

The service provider's reports to the National Center for Missing and Exploited Children were referred to law enforcement for investigation. A state search warrant was ultimately obtained and law enforcement seized three devices from Edson's residence – a Gateway laptop, a Dell laptop, and an ASUS tablet. Edson lied to law enforcement about the functionality of the Dell laptop by claiming it was broken when he had received it from a friend and that it had not been used. A forensic examination of the Dell laptop revealed that it contained child pornography, personal photographs, and Edson's tax return dated April 15, 2013. The forensic examinations established that all three devices contained child pornography. The forensic examinations also established that Edson had used search terms such as PTHC (pre-teen hard core) and "Preteen" and had visited websites such as "youngf**kladies.com and "tinygirls.net."

Although Edson's collection of child pornography was somewhat limited, it was not inadvertent. Each of his devices contained images of child pornography. Edson's collection of child pornography included images of prepubescent children as well as images that qualify as sadistic or masochistic conduct images. DE 30 at ¶¶ 21, 22. The nature and circumstances of the offense suggest an intentional collection of these images – including sadistic and masochistic images of children being sexually exploited.

The history and characteristics of the defendant also warrant a sentence within the guideline. Edson is a criminal history category I offender. However, it appears that Edson was the subject of a 2009 investigation initiated by the Keene Police Department relating to child exploitation that was then transferred to the New Hampshire State Police. Although no charges

resulted from the investigation, the police reports indicate that Edson directly attempted to get a minor to perform sexual acts.

When interviewed by law enforcement at the time of the execution of the search warrant in September 2015, Edson denied any interest in child pornography and contended that investigators would not find any such images on any of his devices.  He told the investigators that any child pornography that was downloaded was done inadvertently and that he immediately deleted such images.  He claimed to find images of child pornography to be offensive and denied any interest in pre-teen children.  The forensic examination proved otherwise.  The examination of Edson's Gateway laptop established that the Internet Explorer settings had been changed so that temporary internet thumb cache would be erased after each use, suggesting that Edson tried to assure that his searches would not be discovered.  In spite of these efforts, investigators were able to establish that Edson used the search terms "Preteen" and "PTHC" in the search engine Dogpile.com.

A sentence of 51 months also reflects the seriousness of the offense, provides a just punishment for the offense, and promotes respect for the law.  Collectors of child pornography continue to exploit the minor children who are the victims of this crime.  Each time an image is downloaded, an incentive is provided to the producers of such images to continue to exploit children through the production and distribution of these images.  Collectors are the industry's customers, and each customer feeds the demand for more images.  A sentence at the low end of the guideline range will promote respect for the laws prohibiting the possession of child pornography and provide a disincentive to the producers and distributors of these images.

A 51-month sentence will also provide both specific and general deterrence.  In light of today's technology, possessors of child pornography know the challenges that law enforcement

face in discovering, investigating, and prosecuting this conduct. Cloud computing, dark webs, and encryption all present significant barriers to the successful detection and prosecution of this conduct. Possessors of child pornography need to be made aware that when they are found out and successfully prosecuted the punishment will be significant. The 12-month sentence requested by the defendant simply provides no deterrence to other collectors of these images.

Public protection also warrants a sentence of 51 months. Although this is the defendant's first serious criminal offense, he has had suspended incarcerative sentences imposed in other cases, DE 30 at ¶¶ 36-38, and a criminal solicitation conviction that resulted in a fine, DE 30 at ¶ 40. In spite of these minor brushes with the law, the defendant engaged in the more serious conduct reflected in the instant offense. The public needs to be protected from the conduct engaged in by the defendant and a sentence of 51 months serves that purpose.

As the First Circuit has noted:

> In the sentencing context, "reasonableness is a protean concept." *United States v. Martin,* 520 F.3d 87, 92 (1st Cir. 2008). There is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes. *Id.* Challenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a properly calculated GSR. A defendant who protests his within-the-range sentence on this ground "must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be reasonable." *United States v. Madera–Ortiz,* 637 F.3d 26, 30 (1st Cir. 2011) (internal quotation marks omitted).

*United States v. Clogston*, 662 F.3d 588, 592–93 (1st Cir. 2011).

The United States contends that a sentence of 51 months is a sufficient, but not greater than necessary, sentence in the case. While a sentence within the advisory guideline range cannot be presumed to be reasonable, the defendant has not provided "powerful mitigating reasons" for the court to grant the requested variance to 12 months. Absent such compelling reasons, the low end of the sentencing guideline is a reasonable sentence.

5

Respectfully submitted,

JOHN J. FARLEY
Acting United States Attorney

/s/ Donald Feith
Donald Feith
Assistant U.S. Attorney
New Hampshire Bar # 783
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Donald.Feith@usdoj.gov

## CERTIFICATION

I hereby certify that a copy of this pleading has been served electronically, through ECF, on Samuel Goldberg, Esquire, 689 Massachusetts Avenue, Cambridge, Massachusetts, 02139, and S. Amy Spencer, Shaheen & Gordon, 107 Storrs Street, Concord, New Hampshire 03301, counsel for the defendant, on June 15, 2017.

/s/ Donald Feith
Donald Feith
Assistant U.S. Attorney